20-2-00644-31
CMP 2
Complaint
7533841

FILED
2020 JAN 24 PM 12: 37
HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

# WASHINGTON STATE SUPERIOR COURT
# IN AND FOR THE COUNTY OF SNOHOMISH

TIMOTHY MARTIN, Individually,

Plaintiff;

vs.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, an Agency of the State of Washington;

Defendants.

NO. 20 2 00644 31

COMPLAINT

COMES NOW the Plaintiff herein and for claims against the Defendants complain and allege as follows:

## I. INTRODUCTION

1.1   This complaint is brought pursuant to both the Civil Rights Act, 42 U.S.C. §1983, for the Washington Department of Corrections' employees deliberate indifference to the medical treatment of Martin and the State of Washington and its employees' medical negligence in breaching its duty to properly diagnose and treat Martin, resulting in him suffering damages.

## II. JURISDICTION AND VENUE

2.1   Jurisdiction: State courts have concurrent original jurisdiction for claims brought pursuant to 42 U.S.C. §1983 claims with federal courts. They have original jurisdiction for

COMPLAINT                                  1

state tort claims. This Court has personal and subject matter jurisdiction for the claim brought pursuant to 42 U.S.C. §1983 and the state claim of negligence.

2.2 Venue: This case involves claims and actions that occurred in Snohomish County.

2.3 Administrative. Plaintiff has exhausted available grievances pursuant to 28 U.S.C. §1997e. Plaintiff has filed a tort claim with the State of Washington pursuant to Rev. Code of Wash. 4.92.110.

### III. PARTIES

3.1 Plaintiff Timothy Martin. Martin is currently residing in Monroe, Washington. At the time of the incident, he was in the custody of the Washington Department of Corrections (Department) at several institutions including the Washington State Reformatory (WSR) located in Monroe, Washington.

3.2 Defendant State of Washington. At all material times herein, the State of Washington through the Washington Department of Corrections (WDOC) has a duty to provide appropriate medical care to those individuals in its jurisdiction. It is responsible for the actions of its employees and agents for any breach of its duty resulting in medical negligence pursuant to respondeat superior. Defendant State of Washington is being sued for its actions under the state tort of negligence.

3.3 Defendants Does 1-10. Jane and John Does 1-10 are individuals who may be identified through discovery and who were at all relevant times individuals who violated Plaintiff's civil rights by acting with negligence and deliberate indifference toward Martin Defendants Jane and John Does 1-10 are being sued for their actions under color of state law and negligence.

Kahrs Law Firm, P.S.
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

## IV. FACTUAL ALLEGATIONS

4.1. Martin suffered an injury while performing heavy lifting at work on January 26, 2012. After developing pain, he went to get medical care. There he was told he did not have a hernia. After numerous visits, an ultrasound was performed in June of 2012 confirming the presence of the hernia. The ultrasound demonstrated a fascial defect which was interpreted as a ventral hernia described as a left inguinal hernia. As a result of this hernia, he developed a reducible bulge in the left inguinal region. Martin suffered pain radiating to the left testicle and left lower quadrant. The plan was to perform a left inguinal herniorhaphy with placement of mesh.

4.2. Martin finally received approval for the operation from the Care Review Committee (CRC) on December 26, 2012. It took 53 weeks and 25 separate visits to medical before the proper treatment was provided.

4.3. Martin saw Dr. Eickerman on February 1, 2013 for surgery at Valley General Hospital. The surgery went well without complications. In October of 2013, Martin reported to Dr. Lauren that he was having pain in the area of his hernia repair.

4.4. In the middle of 2013, Martin continued to complain of constant pain of the left inguinal area where he had surgery. The pain was described as constant. Ms. Bunnell felt she could not prescribe any medications because Dr. Lauren "will come down on her." She requested a prescription for chronic intermittent opioids for Martin but he never got them. She also requested a CT scan of Martin's abdomen and pelvic areas and a separate general surgery consultation. On July 16, 2014, the CRC denied the first two requests as not medically necessary but approved the consultation as medically necessary.

4.5. Martin again saw Dr. Eickerman for the consult on August 12, 2014. Dr. Eickerman recommended a CT scan to rule out a recurrent hernia although a recent ultrasound

COMPLAINT 3

was negative for it. He also suggested it might be postoperative neurogenic pain caused by pressure caused by the mesh or sutures which he described as a potential cause if no other source of the pain was identified. Martin received an illoinguinal nerve injection, without significant improvement. Dr. Eickerman recommended the CT scan and the repeated nerve injection under ultrasound guidance. He also recommended a prescription for Gabapentin for pain control.

4.6. Bunnell with Dr. Lauren's approval submitted a consultant request for Martin to receive a pelvic CT without contrast. On August 20, 2014, the CRC denied this request as not medically necessary.

4.7. Palmer requested that a follow up of a repeat ultrasound guided nerve injection be performed. This request was denied by the CRC on November 5, 2014.

4.8. On November 5, 2014, Joan Palmer, PA-C presented to the CRC requested a follow-up with Dr. Eickerman "of repeat ultrasound guided inguinal nerve injection" to the CRC. It was rejected.

4.9. On January 15, 2015, Dr. Malakhova requested continued treatment of neuropathic pain with gabapentin. On January 28, 2015, the CRC denied this request as not medically necessary.

4.10. On July 7, 2015, Dr. Lauren saw Martin for his ongoing pain. He believed Martin was suffering "Chronic Pain Syndrome."

4.11. Martin filed grievances continually until they denied his grievance based on policy. They would only let him grieve it once a year.

4.12. Martin kept going to medical to deal with his ongoing pain.

4.13. On October 15, 2015, Dr. Lauren presented a request to the CRC to permit Martin to go to the University of Washington Pain Clinic. The request was denied six days

COMPLAINT 4

Kahrs Law Firm, P.S.
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

later. The CRC response stated that it "DID NOT meet medical necessity because: "He doesn't appear to be in intractable pain as nothing in objective exam to support this. Multiple providers stated [he] doesn't appear to be in pain when examined. Has never been seen by MH for c/o chronic pain."

4.14. Martin continued to go to medical and Dr. Lauren authorized an LLQ abdominal L inguinal ultrasound. The ultrasound was performed January 15, 2016. No hernia was noted but it was noted there was a compressible anechoic focus within the inguinal canal. Peristalsis was noted.

4.15. On February 11, 2016, Dr. Lauren authorized a pelvic CT with contrast. They claimed they didn't find anything.

4.16. Dr. Lauren then authorized on April 13, 2016 a surgical re-evaluation of the left groin pain post-operative of the hernia operation. Again, nothing happened.

4.17. Martin submitted more Health Services Kites to get treatment.

4.18. On June 9, 2016, Dr. Eickerman diagnosed Martin with a newly discovered Epigastric Hernia.

4.19. On July 27, 2016, Mr. Ngo presented to the CRC Dr. Eickerman's recommendation to conduct an exploratory surgery to diagnose the cause of the ongoing post-operative pain. It also mentioned Dr. Eickerman's recommendation for an epigastric hernia repair. Again, the CRC rejected these recommendations as not necessary.

4.20. Martin would suffer from severe dry heaves, nausea and pain. He would often miss meals. He was nauseated, vomited regularly and was in intense pain. He would be unable to do any activity involving core movement so he spent a lot of time in his bunk gritting his teeth.

Kahrs Law Firm, P.S.
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

4.21. Martin would continually meet with Phu Ngo. Mr. Martin would tell Mr. Ngo that he was in pain. Mr. Ngo did not do anything to ease the pain. Martin stopped going to medical because Mr. Ngo did not treat him.

4.22. On May 30, 2018, based on Dr. Eickerman's evaluation, the CRC committee finally approved a CT pelvis scan. Based on the scan, no hernia was found.

4.23. Mr. Martin had previously received permission from his provider to have a hot water bottle for a well over a year. It relaxed the muscles and made it less painful. When Mr. Martin went to the dispensary get a replacement due to it leaking, it was taken away as not medically necessary. He grieved it to no effect. It was now necessary for the CRC to approve it and they denied it as not medically necessary. After Mr. Martin was represented by counsel, he was mysteriously provided a hot water bottle in November of 2018, about one year later.

4.24. Mr. Martin was then reevaluated by Dr. Eickerman who recommended exploratory surgery. The CRC committee finally agreed to the surgery.

4.25. Mr. Martin was informed on February 23, 2019 that the exploratory surgery was approved.

4.26. On March 8, 2019, Mr. Martin had the exploratory surgery. He was then informed that they had found three undissolved stitches at the exact spot that Mr. Martin had complained about the pain for six years.

\\\

\\\

\\\

\\\

Kahrs Law Firm, P.S.
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

## V. CAUSES OF ACTION

VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION

5.1     Plaintiff realleges and incorporates by reference each allegation of paragraphs 1.1 through 4.23, inclusive, as if alleged herein.

5.2     Plaintiff may bring this action pursuant to 42 U.S.C. § 1983 for violations of his federal constitutional rights.

5.3     Defendants, at a minimum, inflicted cruel and unusual punishment on Plaintiff in violation of the Eighth Amendment of the United States Constitution by failing to properly provide appropriate medical care.

5.4     Plaintiff is entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988.

ACTION FOR MEDICAL NEGLIGENCE

5.5     Plaintiff realleges and incorporates by reference each allegation of paragraphs 1.1 through 4.23, inclusive, as if alleged herein.

5.6     Defendants had a duty to protect Plaintiff from harm.

5.7     Defendants breached that duty by permitting Plaintiff to suffer harm.

5.8     But for Defendants' breach of their duty, Plaintiff would not have suffered harm.

5.9     As a result of Defendants' breach of their duty, Plaintiff suffered damages.

## VI. LIMITED WAIVER OF HEALTH CARE PRIVILEGE

6.1     Limited Waiver:  Plaintiff hereby waives the physician-patient privilege ONLY to the extent required by the Rev. Code of Wash. § 5.60.060, as limited by Plaintiff's constitutional rights of privacy, contractual rights of privacy, spousal privilege, and the ethical

COMPLAINT                                              7

Kahrs Law Firm, P.S.
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com

obligation of physicians and attorneys not to engage in ex-parte contact between a treating physician and the patient's legal adversaries.

## VII. RESERVATION OF RIGHTS

7.1 Plaintiff reserves the right to assert additional claims as may be appropriate following further investigation and discovery.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

8.1 For general damages in an amount to be proved at trial;

8.2 For special damages to be proved at trial;

8.3 For punitive damages to be proved at trial;

8.4 For costs and reasonable attorney's fees as are available pursuant to 42 U.S.C. § 1988;

8.5 For pre-judgment interest on items of special damages; and

8.6 For such other and further relief as may be available and appropriate under law or at equity and as the Court deems just and proper.

DATED this 22nd day of January, 2020.

KAHRS LAW FIRM, P.S.

*[signature]*

MICHAEL C. KAHRS, WSBA #27085
DAN N. FIORITO, WSBA #34009
Attorneys for Plaintiff

COMPLAINT 8

Kahrs Law Firm, P.S.
2208 NW Market St., Suite 414 Seattle WA 98107
Ph: 206-264-0642 Fax: 206-237-8555
mike@kahrslawfirm.com