UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY MARTIN,

                Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

                Defendants.

CASE NO. C20-0311-JCC-MAT

ORDER RE: PENDING MOTIONS

Plaintiff proceeds with counsel in this civil matter removed from state court. (*See* Dkt. 1.) He raises a state law negligence claim against the Washington State Department of Corrections (DOC), and both a negligence claim and a 42 U.S.C. § 1983 claim against Jane and John Doe defendants. (Dkt. 1-2.) His claims relate to his medical care while in DOC custody. (*Id*.)

Several motions are now pending before the Court, including Defendant's Motion for Summary Judgment (Dkt. 23), Plaintiff's Motion to Continue the Summary Judgment Proceeding and for Leave to Amend the Case Schedule (Dkt. 26), and Defendant's Motion to Strike Plaintiff's Surreply (Dkt. 43). Having reviewed the motions, submissions in support and opposition to the motions, and the remainder of the record, the Court now finds and concludes as follows:

ORDER RE: PENDING MOTIONS
PAGE - 1

(1)     Plaintiff's Motion to Continue the Summary Judgment Proceeding and for Leave to Amend the Case Schedule (Dkt. 26) is GRANTED.  The Court finds defendant's Motion for Summary Judgment (Dkt. 23) properly deferred pursuant to Federal Rule of Civil Procedure 56(d)(1) and good cause for modification of the scheduling order pursuant to Rule 16(b)(4). Plaintiff certainly could have proceeded with greater haste in requesting discovery.  However, it remains that defendant filed its dispositive motion early in these proceedings, only a day after it first provided plaintiff with copies of records earlier described pursuant to Rule 26(a)(1)(A)(ii) and some five months prior to the February 19, 2021 discovery deadline.  Defendant will not be unduly prejudiced by a delayed ruling on its motion.

Nor is the Court persuaded the delay would be futile.  Defendant seeks dismissal of plaintiff's state and federal claims as barred by applicable statutes of limitations and because the DOC is not a "person" subject to suit under 42 U.S.C. § 1983.  Plaintiff denies the alleged bars to his claims and seeks to identify individual defendants from information obtained through discovery.  The Court finds additional time warranted to allow for further development of facts pertinent to plaintiff's contention his claims are not barred under theories of continuing negligent treatment and the continuing violation doctrine and the identification of Jane and John Doe defendants in relation to his claims.

The Court modifies the scheduling order (Dkt. 18) with a **December 4, 2020** deadline for joining parties and amending pleadings and STRIKES the noting date for defendant's Motion for Summary Judgment (Dkt. 23).  Defendant may, on or after **December 7, 2020**, request that the Court re-note its existing Motion for Summary Judgment or submit a revised motion, and plaintiff and defendant may respond and reply in accordance with the deadlines set forth in Local Civil Rule (LCR) 7(d)(3).  All other deadlines remain as set forth in the Order Setting Trial Date and

Related Dates. (Dkt. 18.)

(2) Defendant's Motion to Strike Plaintiff's Surreply (Dkt. 43) is GRANTED, as is defendant's request to strike (Dkt. 39) portions of plaintiff's reply in support of the motion to continue the proceeding and for leave to amend the case schedule (Dkt. 35). Counsel for plaintiff is advised to consult and comply with the Local Civil Rules in all future filings with the Court, including, but not limited to, LCR 7(g)(4) ("No response [to a surreply] shall be filed unless requested by the court.")

(3) The Clerk is directed to send a copy of this Order to the parties and to the Honorable John C. Coughenour.

DATED this 20th day of November, 2020.

Mary Alice Theiler
United States Magistrate Judge