UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY MARTIN,

                Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

                Defendants.

CASE NO. C20-0311-JCC-MAT

ORDER RE: MOTION TO AMEND

INTRODUCTION

Plaintiff proceeds with counsel in this removed civil matter raising claims relating to his medical care while in the custody of the Washington State Department of Corrections (DOC). The Court previously modified the scheduling order to provide additional time for joining parties and amending pleadings. (Dkt. 45.) Now pending before the Court is Plaintiff's Motion to Amend Complaint. (Dkt. 47.) Plaintiff seeks to name forty-one individual defendants and to pursue claims against those individuals under 42 U.S.C. § 1983 for their deliberate indifference to his medical needs in violation of the Eighth Amendment and for negligence under state law. (*See* Dkt. 47-1.) He also again names as a defendant the State of Washington, through the DOC, alleging its

negligence under state law. (*See id*., ¶¶1.1, 3.2.) Defendant opposes the motion to amend. (Dkt. 49.) The Court, for the reasons set forth below, herein GRANTS in part and DENIES in part plaintiff's motion.

## DISCUSSION

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15 (a). Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendant objects to the proposed amended complaint as futile and failing to meet the notice pleading requirements of Rule 8.

In order for a pleading to state a claim for relief, it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although detailed factual allegations are not required, the factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must also allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a § 1983 claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Because vicarious liability is


inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. He must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vague and conclusory allegations of participation in civil rights violations are not sufficient to state a claim for relief. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (per curiam).

In the proposed amended complaint, plaintiff identifies all of the individual defendants as DOC Care Review Committee (CRC) members who "refused to provide [him] proper treatment." (Dkt. 47-1 at ¶¶3.3-3.43.) The named CRC members include DOC Director of Medical Services Dr. Steven Hammond and several of plaintiff's treating and examining providers. In setting forth his factual allegations, plaintiff includes facts underlying his claims against Dr. Hammond, treating physician Dr. Kenneth Lauren, and treating physician's assistant Phu Ngo. Other individuals are identified by name, but without any facts reasonably construed as supporting a basis for a claim of deliberate indifference in plaintiff's medical treatment. (*See id*., ¶4.5 (Dr. Lopez de Castilla examined plaintiff, assessed the pain "as a possible late complication of the hernia repair with several possible sources", and recommended a pelvic ultrasound that was later performed and showed no obvious problems) and ¶¶4.11-.12 (treating physician's assistant Joan Palmer requested a follow up of a repeat ultrasound guided nerve injection and a follow up with a doctor for a repeat ultrasound guided inguinal nerve injection, both of which the CRC denied).) None of the remaining individual defendants are identified in relation to any specific allegation in the proposed


ORDER RE: MOTION TO AMEND
PAGE - 3

amended complaint. The pleading, instead, identifies instances when "the CRC" denied requests or recommendations for medical treatment. (*See id*. at 10-13.) It does not clarify which of the CRC members participated in particular decisions and provides no detail whatsoever as to the acts or omissions of specific individuals giving rise to alleged constitutional violations.

In responding to defendant's opposition, plaintiff states defendant "is fully aware of who" the CRC members are and cites to exhibits to declarations previously filed in this matter as containing the CRC reports at issue. (*See* Dkt. 50 at 2.) However, the question is not whether the DOC is aware of which CRC members took part in decisions addressing plaintiff's medical treatment. The question is whether plaintiff here satisfies the pleading requirements necessary to state a claim against the individuals named and whether the pleading gives fair notice to those individuals as to plaintiff's claims against them and the grounds upon which they rest. Nor does the reply brief itself provide the detail missing in the proposed pleading.

The Court, as such, agrees with defendant that plaintiff's proposed amended complaint fails to comply with Rule 8 and that the motion to amend should, at least in part, be denied. That is, with the exception of Dr. Hammond, Dr. Lauren, and Ngo, plaintiff's allegations against the individuals named in the proposed amended complaint are insufficient to provide fair notice of plaintiff's claims or to allow the Court to plausibly infer the individuals are liable for the misconduct alleged. The Court also notes that this matter has been pending in this Court for almost a full year and that the Court both previously granted plaintiff the opportunity to submit an amended pleading after the expiration of applicable deadlines and struck the noting date of a pending motion for summary judgment. The Court, as such, finds no basis for providing plaintiff an additional opportunity to cure the defects in the proposed pleading. The current proposed

amended complaint therefore stands as the operative pleading as to named defendants Washington State DOC, Dr. Steven Hammond, Dr. Kenneth Lauren, and Phu Ngo[1]

## CONCLUSION

Plaintiff's Motion to Amend (Dkt. 47) is GRANTED in part and DENIED in part. The Clerk is directed to docket the proposed amended complaint (Dkt. 47-1), modify the docket to reflect the inclusion of three individual defendants (Dr. Hammond, Dr. Lauren, and Ngo), and to send a copy of this Order to the parties ad to the Honorable John C. Coughenour.

DATED this 11th day of February, 2021.

Mary Alice Theiler
United States Magistrate Judge

---

[1] Defendant also observes that the proposed amended complaint fails to distinguish between the individual defendants and the DOC regarding the relief requested, alleging "defendants" violated the Eighth Amendment. (Dkt. 47-1, ¶5.3.) As the DOC observes, neither states, nor entities that are arms of the state, such as the DOC, are persons for purposes of § 1983. *Howlett v. Rose*, 496 U.S. 356, 365-66 (1990); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). However, elsewhere in the proposed pleading, plaintiff specifies that he alleges only a state law negligence claim against the DOC. (*See* Dkt. 47-1, ¶¶1.1, 3.2.) The Court therefore construes the amended complaint as alleging claims under § 1983 only as to the individual named defendants.