THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY MARTIN, | CASE NO. C20-0311-JCC |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Presently before the Court are Plaintiff's and Defendants' respective objections (Dkt. Nos. 75, 78) to the Report and Recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 74). The R&R recommends the Court conclude that Plaintiff's failure to satisfy the requirements of Wash. Rev. Code § 7.70.150 does not bar his medical negligence claims. (Dkt. No. 74 at 10–13 (citing *Putman v. Wenatchee Valley Med. Ctr., P.S.*, 216 P.3d 374, 379–80 (Wash. 2009)).) In *Putman*, the Washington Supreme Court held that the statute, which requires a medical malpractice plaintiff to file a certificate of merit from a medical expert at the time of filing suit, is unconstitutional. 216 P.2d 380. Defendants, in objecting to the R&R, argue that the holding in *Putman* should be viewed as applying only to medical negligence suits lodged against private parties, consistent with the facts of the case. (Dkt. No. 75 at 2–8 (citing *McDevitt v. Harbor View Med. Ctr.*, 316 P.3d 469 (Wash. 2013);

ORDER
C20-0311-JCC
PAGE - 1

*Waples v. Yi*, 234 P.3d 187 (Wash. 2010)).) Defendants assert that, since the Department of Corrections is a state agency, *Putman* has no import here. *Id.* But as the Court previously indicated in an unrelated case, *Putman's* import to public defendants is "an unresolved issue of state law." *Reed v. Hammond*, 2020 WL 133191, slip op. at 2 (W.D. Wash. 2020). The Court finds that this continues to be true.

A federal court may certify to the Washington Supreme Court a question of Washington law involved in the underlying federal case when "it is necessary to ascertain the local law . . . in order to dispose of such proceeding and the local law has not been clearly determined." Wash. Rev. Code § 2.60.020. The Court may do so *sua sponte*, in the exercise of its discretion. *See Alaska Airlines, Inc. v. United Airlines, Inc.*, 902 F.2d 1400, 1402 n.1 (9th Cir. 1990). The certification process serves the important judicial interests of efficiency and comity, specifically it saves "time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

The constitutionality of Wash. Rev. Code § 7.70.150, as it relates to suits brought against public entities, such as the Department of Corrections, is an important and far-reaching issue of local law and public policy. The Court is loath to apply a potentially inaccurate legal standard to Plaintiff's medical negligence claims, to the extent those claims are not otherwise barred by the statute of limitations. Accordingly, the following questions are hereby certified to the Washington Supreme Court:

1. Is Wash. Rev. Code § 7.70.150 facially invalid under Washington's constitution?
2. If Wash. Rev. Code § 7.70.150 is not facially invalid, is it invalid as applied to a medical negligence suit brought against the Washington Department of Corrections and its representatives and/or agents?
3. If the answer to either question above is yes, is this determination prospective or retroactive?

The Court does not intend its framing of these questions to restrict the Washington Supreme

1   Court's consideration of any issues that it determines are relevant; the Washington Supreme
2   Court may reformulate the questions as it sees fit. *Affiliated FM Ins. Co. v. LTK Consulting*
3   *Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009).
4          The Clerk is DIRECTED to submit to the Washington Supreme Court a certified copy of
5   this order; a copy of the docket in the above-captioned matter; and Docket Numbers 54, 61, 67,
6   71, 74, 75, and 79 in this case. The record so compiled contains all matters in the pending case
7   deemed material for consideration of the local law questions certified for answer. Plaintiff is
8   ORDERED to file the opening brief on the certified questions. *See* Wash. R. App. P. 16.16(e)(1).
9          Defendant's motion for summary judgment and objections to the R&R (Dkt. Nos. 61, 75,
10  78) are STAYED until the Washington Supreme Court answers the certified questions or
11  indicates that it declines to do so. All remaining case management dates are hereby STRICKEN.
12  The parties are ORDERED, within fourteen days of the Washington State Supreme Court's
13  answer, or communication declining to provide an answer, to move to lift the stay, to meet and
14  confer, and to provide this Court with a Joint Status Report.
15         DATED this 19th day of August 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE