DISTRICT JUDGE BARBARA J. ROTHSTEIN
MAGISTRATE JUDGE S. KATE VAUGHAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY MARTIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF CORRECTIONS,<br>et al.<br><br>　　　　　Defendants. | NO. 2:20-cv-00311-BJR-SKV<br><br>JOINT STATUS REPORT |

Plaintiff, TIMOTHY MARTIN, by and through his attorneys, MIKE KAHRS and DAN FIORITO, and Defendants WASHINGTON STATE DEPARTMENT OF CORRECTIONS (DOC), PHO NGO, and G. STEVEN HAMMOND, by and through their attorneys, ROBERT W. FERGUSON, Attorney General, and AARON WILLIAMS, Assistant Attorney General, respectfully submit the following Joint Status Report pursuant to this Court's Order of May 1, 2023. Dkt. 93, at 17.

**I.    REPORT OF PARTIES' MEETING**

Plaintiff's counsel, Mike Kahrs and Dan N. Fiorito, and Defendants' counsel, Aaron Williams met telephonically on May 10, 2023, to discuss the content of the Joint Status Report requested by this Court. The parties discussed the issues identified below. DOC Defendant's counsel agreed to file a Joint Status Report and Proposed Discovery Plan on behalf of the parties.

JOINT STATUS REPORT
NO. 2:20-cv-00311-BJR-SKV

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

## II.     JOINT STATUS REPORT

1.      *Procedural posture of the case*: Defendants moved for summary judgment on the threshold issues of the statute of limitations and Plaintiff's failure to meet a condition precedent on April 8, 2021. Dkt. 61. In that Motion, Defendants also requested that they be permitted to file a subsequent summary judgment motion on the merits if their threshold motion was unsuccessful in whole or in part. Dkt. 61, at 1, fn. 1. Judge Vaughan issued a Report and Recommendation on Defendants' Motion for Summary Judgment on July 19, 2021 recommending, "Defendants' Motion for Summary Judgment, Dkt. 61, be GRANTED in part and DENIED in part, and claims as to any events falling outside the three-year statute of limitations and against Dr. Lauren be DISMISSED with prejudice." Dkt. 74, at 19-20. Judge Vaughan also recommended permitting Defendants to file a second dispositive motion on the merits should their threshold issues summary judgment motion be denied. Dkt. 74, at 19, fn. 3. Both parties then submitted objections to the Report and Recommendation.

On August 19, 2021, Judge Coughenour issued an Order certifying the issue of the constitutionality of Wash. Rev. Code § 7.70.150, which requires a Plaintiff in a medical malpractice claim to file a Certificate of Merit, to the Washington Supreme Court as a valid condition precedent to filing a medical malpractice claim against a public entity or a public employee in Washington. Dkt. 81, at 2. He also stayed the case pending resolution of the Wash. Rev. Code § 7.70.150 in the Washington Supreme Court. Dkt. 81, at 3. On May 26, 2022, the Washington State Supreme Court issued an opinion finding the Wash. Rev. Code § 7.70.150 facially unconstitutional. Dkt. 87, at 16. The Washington State Supreme Court then issued a certificate of finality on June 17, 2022. Dkt. 87, at 1-2. The parties now jointly submit this Joint Status Report in accordance with the Order staying this case. Dkt. 81, at 3.

On May 1, 2023, this Court entered an Order Adopting Report and Recommendation granting Defendants' Motion for Summary Judgment In Part. In that Order, this Court held that Defendants are permitted to file a second motion for summary judgment, this time on the merits

JOINT STATUS REPORT
NO. 2:20-cv-00311-BJR-SKV

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

of the action. Dkt. 93, at 6. The Court also ordered the parties to submit a joint status report. Dkt. 93, at 17.

    2.    *Statement of the nature and complexity of case*: Plaintiff Timothy Martin brings claims against the DOC for violating his constitutional rights related to his medical treatment following hernia surgery in 2013. Martin also brings a state law medical negligence claim for failure to diagnose and properly treat him. Defendants deny Plaintiff's allegations and contend, among other things, that Plaintiff's claims are barred by the applicable statute of limitations; that the Defendants are entitled to both state and federal qualified immunity from damages; and that Defendants are entitled to discretionary immunity from Plaintiff's state law claims. The parties do not believe that the case is particularly complex.

    3.    *Possibilities for promptly resolving the case*: The parties will engage in settlement negotiations, as appropriate.

    4.    *Discovery Plan*:

        A.    The parties have already exchanged initial disclosures.

        B.    The parties agree and propose the following discovery deadlines for this case:

                (1)    Deadline for completion of non-expert discovery: September 29, 2023;

                (2)    Deadline for disclosure of experts: November 27, 2023;

                (3)    Deadline for disclosure of Rebuttal Expert Witness disclosure: January 2, 2024;

                (4)    Deadline for Motions related to expert discovery: January 26, 2024;

                (5)    Deadline for completion of expert discovery: February 16, 2024;

        C.    The parties discussed electronically stored information at their initial discovery conference in this case and continue to agree that, unless otherwise specifically requested,

JOINT STATUS REPORT
NO. 2:20-cv-00311-BJR-SKV

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

the parties will produce documents, other than excel spreadsheets, in searchable PDF format. Excel spreadsheets will be produced in their native format.

   D. The parties do not anticipate at this time any disputes or difficulties arising from claims of privilege or the protection of trial-preparation materials.

   E. The parties do not believe that any additional limitations beyond those included in the civil rules will be necessary.

   F. The parties do not anticipate any need for discovery related orders at this point. If the need for such orders arise in the future, the parties will request such orders after conferring with opposing counsel.

  5. *Parties' Views on Issues related to LCR 26(f)(1)*:

   A. The parties will engage in settlement negotiations, as appropriate.

   B. The parties do not believe that formal alternative dispute resolution is necessary or appropriate at this stage. The parties will continue to discuss ways to resolve this case, as appropriate, and will explore formal ADR options if they determine such options will be beneficial.

   C. The parties are not aware of any cases that are defined as related as defined by LCR 3(g) and (h).

   D. The parties will work together to ensure that discovery is conducted in an efficient and cost effective manner. At this time, the parties are not requesting any special procedures or limitations related to discovery other than those specified in this Joint Status Report.

   E. The parties intend to conduct further depositions and conduct follow-up discovery on pertinent issues.

   F. A Motion for Summary Judgment on threshold issues has already been addressed by the Court. Consistent with Court's May 1, 2023 Order, Defendants anticipate filing a second Motion for Summary Judgment on the merits of this case. The parties do not anticipate any further phasing of motions to facilitate early potential resolution of this case are necessary.

JOINT STATUS REPORT
NO. 2:20-cv-00311-BJR-SKV

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

G.     The parties do not believe there are other unique issues related to the preservation of discoverable information at this time.

H.     The parties do not anticipate at this time any disputes or difficulties arising from claims of privilege or the protection of trial-preparation materials. There is already a Stipulated Protective Order in place in this case. Dkt. 22.

I.     The parties do not believe that the Model ESI agreement is necessary or appropriate at this time for the case. The parties will work together to resolve any issues related to ESI and will revisit the Model ESI agreement, if necessary or appropriate.

J.     Unless otherwise specifically requested, the parties will produce documents, other than excel spreadsheets, in searchable PDF format. Excel spreadsheets will be produced in their native format unless a different format is agreed to. The parties will work together in cases where documents are requested or needed in another format. At this time, the parties do not believe that any other formal alternative to the Model ESI agreement is necessary or appropriate.

RESPECTFULLY SUBMITTED this 15th day of May, 2023.

ROBERT W. FERGUSON
Attorney General

s/Aaron Williams
AARON WILLIAMS, WSBA #46044
Assistant Attorney General
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
Aaron.Williams@atg.wa.gov
Attorney for Defendants

JOINT STATUS REPORT
NO. 2:20-cv-00311-BJR-SKV

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

| | |
|---|---|
| 1 | KAHRS LAW FIRM, P.S. |
| 2 | *s/* Mike C. Kahrs |
| | Mike C. Kahrs, WSBA #27085 |
| 3 | 2208 NW Market Street, Suite 414 |
| | Seattle, WA  98107 |
| 4 | Ph:  206-246-0642 |
| | Fax: 206-237-8555 |
| 5 | Attorney for Plaintiff |
| 6 | THE LAW OFFICE OF DAN N. FIORITO III |
| 7 | *s/* Dan N. Fiorito |
| | Dan N. Fiorito, WSBA #34009 |
| 8 | 844 NW 48th Street |
| | Seattle, WA 98107-4501 |
| 9 | Ph: 206-299-1582 |
| | Fax:  206-770-7590 |
| 10 | Attorney for Plaintiff |

JOINT STATUS REPORT
NO. 2:20-cv-00311-BJR-SKV

6

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445